THE ESTLE LAW FIRM
12520 High Bluff Drive, Suite 265
San Diego, California 92130
Telephone (858)720-0890
Facsimile (858) 720-0092

Mark D. Estle (CA Bar No. 135004)

Attorney for Defendant
LITTON LOAN SERVICING LP

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>GEORGE GUERRERO AND ALMA GUERRERO,<br><br>Debtor(s).<br><br>GEORGE GUERRERO AND ALMA GUERRERO<br><br>Plaintiff,<br><br>V.<br><br>LITTON LOAN SERVICING<br><br>Defendant. | Case No. 2:10-bk-18512-EC<br><br>Adv. Proceeding No. 2:10-ap-02636-EC<br><br>Chapter 13<br><br>STIPULATION RESOLVING COMPLAINT TO DETERMINE THE VALUE OF REAL PROPERTY, DETERMINE THE EXTENT OF SECURED CLAIMS AND TO EXTINGUISH THE LIEN OF LITTON LOAN SERVICING |

TO ALL PARTIES OF INTEREST:

PLEASE TAKE NOTICE THAT this stipulation is entered into by and between Plaintiffs GEORGE GUERRERO AND ALMA GUERRERO (the

"Debtors"), by and through their attorney of record; and Defendant LITTON LOAN SERVICING LP, its successors and/or assigns, ("Litton"), by and through its attorney of record.

## RECITALS

1. Debtors are the makers of a Note in favor of US Bank National Association, as Trustee for the C-BASS Mortgage Loan Asset-Backed Certificates, Series 2006-SL1, without recourse ("US Bank") in the original amount of $97,000.00, secured by a second deed of trust encumbering the real property at 39324 Jacob Drive, Palmdale, CA 93551-5826 (the "Property"). Litton Loan Servicing, LP is the servicing agent for US Bank.

2. On or about March 8, 2010, Debtors filed a voluntary petition under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the Central District of California, and were assigned Case No. 2:10-bk-18512-EC.

3. On or about September 3, 2010, Debtors filed a Complaint to Determine the Value of Real Property, Determine the Extent of Secured Claims and to Extinguish the Lien of Litton Loan Servicing, and were assigned Adversary Proceeding No. 2:10-ap-02636-EC, praying that the Court value the Property to avoid Litton's second deed of trust.

THE PARTIES HEREBY STIPULATE AS FOLLOWS:

1. Litton's claim on the second deed of trust shall be allowed as a non-priority general unsecured claim. Litton may file an amended Proof of Claim listing its claim as unsecured to

be paid in accordance with the Debtors' Plan. If an amended claim is not filed, the Trustee may treat any claim on the debt filed by Litton as unsecured upon the entry of this order;

2. The avoidance of Litton's second deed of trust is contingent upon the Debtors' completion of their Chapter 13 Plan and the Debtors' receipt of a Chapter 13 discharge.

3. Upon receipt of the Debtors' Chapter 13 discharge and completion of their Chapter 13 Plan, the Defendant shall, upon receipt of notice of discharge, promptly record a reconveyance of its second deed of trust against the Property.

4. Litton shall retain its lien for the full amount due under the loan secured by the second deed of trust in the event of either the dismissal of the Debtors' Chapter 13 case, the conversion of the Debtors' Chapter 13 case to any other chapter under the United States Bankruptcy Code, if the Debtors complete the Chapter 13 plan but do not receive a discharge, or if the Property is sold or refinanced prior to the Debtors' receipt of the Chapter 13 discharge.

5. In the event that the holder of the first lien on the Property forecloses on its security interest and extinguishes Litton's second deed of trust prior to the Debtors' completion of their Chapter 13 Plan and receipt of a Chapter 13 discharge, Litton's lien shall attach to the surplus proceeds of the foreclosure sale for the full amount of the subject loan balance at the time of the sale.

6. Each party shall bear its own attorney's fees and costs incurred in the present stipulation.

7. This Stipulation may be executed in counterparts, and

facsimile signatures shall be deemed originals.

Dated: 10-8-10

Mark D. Estle, Esq.
Attorney for Defendant
LITTON LOAN SERVICING LP

Dated:________________________

Kevin T Simon, Esq.
Attorney for Plaintiffs

facsimile signatures shall be deemed originals.

Dated:____________________

Mark D. Estle, Esq.
Attorney for Defendant
LITTON LOAN SERVICING LP

Dated: 10/7/10

Kevin T Simon, Esq.
Attorney for Plaintiffs